**IN THE FEDERAL DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| ROBERT C. BAUCOM, | * | |
| Plaintiff, | * | |
| v. | * | CV No.: 06-765 |
| SISCO STEVEDORING, LLC, WARRIOR & GULF NAVIGATION, PINNACLE MANAGEMENT SERVICES, and KINDER-MORGAN | * * | |
| Defendants. | * * | |

**<u>COMPLAINT UNDER THE JONES ACT AND GENERAL MARITIME LAW</u>**

COMES NOW Robert C. Baucom, a person of full age and majority and a resident of Mobile County, State of Alabama, and alleges a complaint pursuant to Judicial Code § 1916, 28 U.S.C. § 1919, and respectfully represents:

**JURISDICTION AND VENUE**

1. Defendant Sisco Stevedoring, LLC (hereinafter "Sisco") is an Alabama corporation, partnership, or other business entity and at all times material was the owner or operator or charter or subcharter or manager of the M/V SISCO 1. Sisco is subject to the jurisdiction of this Court by virtue of its contacts with the State of Alabama or its substantial conduct or systematic business in the State of Alabama.

2. Defendant Warrior & Gulf Navigation (hereinafter "WGN") is a corporation, partnership, or other business entity and all time material was the parent company of Sisco and owner of the M/V SISCO 1. WGN is subject to the jurisdiction of this Court by virtue of its contacts with the State of Alabama or its substantial conduct or systematic business in the State of Alabama.

3. Defendant Kinder Morgan (hereinafter “Kinder”) is a Texas corporation, partnership, or other business entity and at all times material was the owner or operator or charter or subcharter or manager of a vessel, whose name is unknown (hereinafter “Unknown Vessel”) at the present time. Kinder Morgan is subject to the jurisdiction of this Court by virtue of its contacts with the State of Alabama or its substantial conduct or systematic business in the State of Alabama.

4. Defendant Pinnacle Management Service (hereinafter “Pinnacle”) is an Alabama Corporation and at all times material was the Employer of Plaintiff and supplied crew members for the M/V SISCO 1 at the request of Defendant Sisco. Pinnacle is subject to the jurisdiction of this Court by virtue of its contact with the State of Alabama or its substantial conduct or systematic business in the State of Alabama.

5. The Court has jurisdiction over this action and the parties based on admiralty jurisdiction and 9 (h).

6. To the extent necessary, the Court may also base jurisdiction on ancillary and/or pendent jurisdiction for negligence claims.

7. This cause of action arose in Mobile County, Alabama. Therefore, jurisdiction and venue properly lie in the Southern District of Alabama.

**PARTIES**

8. Plaintiff Robert C. Baucom is a person of full age and majority and a resident of Mobile County, Alabama and at all relevant times was a seaman in service of the M/V SISCO 1 that was owned or operated or managed or controlled or chartered or subchartered by Sisco and WGN, and the Unknown Vessel owned or operated or managed or controlled or chartered or subchartered by Kinder.

9. Defendants Sisco and Pinnacle were, on and before December 8, 2003, the Employer of Plaintiff.

10. WGN was, on and before December 8, 2003, the parent company of Sisco.

11. Defendant Kinder was, on and at times prior to April 21, 2005, the Employer of Plaintiff and the owner of the Unknown Vessel.

12. Defendant Pinnacle was, at all times relevant to the injury of December 8, 2003, a labor supply service that employed the Plaintiff and supplied crewmembers at Sisco's request for its vessel, the M/V SISCO 1.

**FACTS COMMON TO ALL CAUSES**

13. On or about December 8, 2003, the Plaintiff was employed by Sisco as a crew member on the M/V SISCO 1.

14. Based on information and belief, Pinnacle, at Sisco's request, provided crewmembers, including Plaintiff, to work on the M/V SISCO 1.

15. The M/V SISCO 1 is a midstream-type transfer vessel. On December 8, 2003, the M/V SISCO 1 was engaged in or preparing to engage in the transfer of cargo from river barges to an oceangoing vessel.

16. At all times relevant to this complaint, the M/V SISCO 1 was in navigation upon the waters of the United States in Mobile, Alabama.

17. On April 21, 2005, the Plaintiff was an employee of Kinder Morgan and was working for Kinder Morgan at its Tampa, Florida facility on a midstream-type transfer vessel whose name is unknown to the Plaintiff at this time.

18. At all times relevant to April 21, 2005, the claimant was a seaman and member of the crew of the Unknown Vessel.

19. At all times relevant to April 21, 2005, said Unknown Vessel was in navigation upon the waters of the United States in Tampa, Florida. On April 21, 2005, the Unknown Vessel was preparing to engage in the transfer of cargo from river barges to an oceangoing vessel.

**FACTS – SISCO/PINNACLE/WGN INJURY – DECEMBER 8, 2003 INJURY**

20. All allegations contained in paragraphs relating to Sisco/Pinnacle/WGN are realleged herein.

21. The M/V SISCO 1 is in possession of a crane used to transfer cargo from river barges to waiting ocean vessels or from waiting ocean vessels to river barges. At some time prior to December 8, 2003, the catwalk on the crane's boom was damaged.

22. On December 8, 2003, when the Plaintiff came on duty, the cables of the crane had become entangled in the damaged catwalk rail.

23. Plaintiff injured his back while trying to untangle the crane's cables from the damaged catwalk.

**FACTS – KINDER MORGAN – APRIL 21, 2005 INJURY**

24. All allegations contained in paragraphs relating to Kinder Morgan are realleged herein.

25. At some time prior to April 21, 2005, crew members of the Unknown Vessel had performed repairs on the vessel's crane. The repairs caused one of the cables which control the crane to be too long. Due to the excessive length of the cable, the crane was not operable.

26. Plaintiff and a crew member from another of Kinder Morgan's vessels attempted to remedy the problem that was presented by the excessive length of the cables.

27. Plaintiff injured his back while pulling on a cable while attempting to remedy the problem with the excessive length of the cables.

**COUNT ONE – MAINTENANCE AND CURE – SISCO**

28. All allegations contained in the previous paragraphs relating to Defendant Sisco are realleged herein.

29. Plaintiff would show that he was unable to work as a result of his injuries and was therefore unfit for duty. Sisco is currently denying Maintenance and Cure benefits. At those times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated

demands on Sisco and its agent or agents to pay maintenance and medical expenses, and Sisco failed and refused to pay maintenance and medical expenses as required by General Maritime Law. Sisco has arbitrarily and capriciously failed to pay Maintenance and Cure, which entitles the Plaintiff to compensatory and consequential damages and attorney fees.

30. The Plaintiff is entitled to receive at least $50.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

**COUNT TWO – MAINTENANCE AND CURE – PINNACLE**

31. All allegations contained in the previous paragraphs relating to Defendant Pinnacle are realleged herein.

32. Plaintiff would show that he was unable to work as a result of his injuries of December 8, 2003, and was therefore unfit for duty. At those times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated demands on Pinnacle and its agent or agents to pay maintenance and medical expenses, and Pinnacle failed and refused to pay maintenance and medical expenses as required by General Maritime Law. Pinnacle has arbitrarily and capriciously failed to pay Maintenance and Cure, which entitles the Plaintiff to compensatory and consequential damages and attorney fees.

33. The Plaintiff is entitled to receive at least $50.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

**COUNT THREE – MAINTENANCE AND CURE – WGN**

34. All allegations contained in the previous paragraphs relating to WGN are realleged herein.

35. Plaintiff would show that he was unable to work as a result of his injuries and was therefore unfit for duty. WGN is currently denying Maintenance and Cure benefits. At those

times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated demands on WGN's agent or agents to pay maintenance and medical expenses, and WGN failed and refused to pay maintenance and medical expenses as required by General Maritime Law. WGN has arbitrarily and capriciously failed to pay Maintenance and Cure, which entitles the Plaintiff to compensatory and consequential damages and attorney fees.

36. The Plaintiff is entitled to receive at least $50.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

**COUNT FOUR – MAINTENANCE AND CURE – KINDER MORGAN**

37. All allegations contained in the previous paragraphs relating to Defendant Kinder Morgan are realleged herein.

38. Plaintiff would show that he was unable to work as a result of his injuries and was therefore unfit for duty. Kinder Morgan paid workers' compensation and medical benefits. Kinder has suspended workers' compensation and medical benefits and is currently denying Maintenance and Cure benefits. At those times when the Plaintiff was unfit for duty because of his injuries, the Plaintiff made repeated demands on Kinder and its agent or agents to pay maintenance and medical expenses, and Kinder failed and refused to pay maintenance and medical expenses as required by General Maritime Law. Kinder has arbitrarily and capriciously failed to pay Maintenance and Cure, which entitles the Plaintiff to compensatory and consequential damages and attorney fees.

39. The Plaintiff is entitled to receive at least $50.00 per day maintenance owed to him, and the Plaintiff is entitled to recover the costs of his medical expenses and medical monitoring expenses.

**COUNT FIVE – JONES ACT NEGLIGENCE – SISCO**

40. All allegations contained in the previous paragraphs relating to Defendant Sisco are realleged herein.

41. The injury complained of was the result of the negligence of Defendant Sisco. Specifically, Sisco owed the Plaintiff a duty to provide him with a safe place to work, including a vessel with a proper catwalk as well as the duty to repair the damaged catwalk. Sisco breached its duty to the Plaintiff by not providing Plaintiff with a safe place to work in furtherance of the Vessel's mission.

42. It was foreseeable that the damaged catwalk would cause harm to crewmembers using the catwalk as well as inhibiting the use of the vessel's crane. As a direct and proximate result of Sisco's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

43. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of Sisco in failing in its duty of care which it owed to the Plaintiff.

44. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, statutory and common law, and in excess of the jurisdictional limits of this Court.

**COUNT SIX – JONES ACT NEGLIGENCE – PINNACLE MANAGEMENT**

45. All allegations contained in the previous paragraphs relating to Defendant Pinnacle Management are realleged herein.

46. The injury complained of was the result of the negligence of Defendant Pinnacle. Specifically, Pinnacle owed the Plaintiff a duty to provide him with a safe place to work, including a vessel with a proper catwalk. Pinnacle breached its duty to the Plaintiff by not providing Plaintiff with a safe place to work in furtherance of the Vessel's mission.

47. It was foreseeable that the damaged catwalk would cause harm to crewmembers using the catwalk as well as inhibiting the use of the vessel's crane. As a direct and proximate

result of Pinnacle's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

48. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of Pinnacle in failing in its duty of care which it owed to the Plaintiff.

49. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, statutory and common law, and in excess of the jurisdictional limits of this Court.

**COUNT SEVEN – JONES ACT NEGLIGENCE – WGN**

50. All allegations contained in the previous paragraphs relating to Defendant WGN are realleged herein.

51. The injury complained of was the result of the negligence of Defendant WGN. Specifically, WGN owed the Plaintiff a duty to provide him with a safe place to work, including a vessel with a proper catwalk as well as the duty to repair the damaged catwalk. WGN breached its duty to the Plaintiff by not providing Plaintiff with a safe place to work in furtherance of the Vessel's mission.

52. It was foreseeable that the damaged catwalk would cause harm or crewmembers using the catwalk as well as inhibiting the use of the vessel's crane. As a direct and proximate result of WGN's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

53. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of WGN in failing in its duty of care which it owed to the Plaintiff.

54. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, statutory and common law, and in excess of the jurisdictional limits of this Court.

**COUNT EIGHT – JONES ACT NEGLIGENCE – KINDER MORGAN**

55. All allegations contained in the previous paragraphs relating to Defendant Kinder Morgan are realleged herein.

56. The injury complained of was the result of the negligence of Defendant Kinder Morgan. Specifically, Kinder Morgan owed the Plaintiff a duty to provide him with a safe place to work, and a crane that was properly rigged to perform the work to which the Plaintiff was assigned. Kinder breached its duty to the Plaintiff by not providing Plaintiff with a safe place to work in furtherance of the Vessel's mission.

57. As a direct and proximate result of Kinder's breach of the duty owed to the Plaintiff, the Plaintiff was injured and suffered damages.

58. The injuries to the Plaintiff's body are the direct and proximate result of the negligence of Kinder in failing in its duty of care which it owed to the Plaintiff.

59. Plaintiff seeks any and all damages, general or special, to which Plaintiff may be entitled pursuant to the Jones Act, statutory and common law, and in excess of the jurisdictional limits of this Court.

**COUNT NINE – UNSEAWORTHINESS - SISCO**

60. All allegations contained in the previous paragraphs relating to Defendant Sisco are realleged herein.

61. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness aboard the M/V SISCO 1. The Vessel was unseaworthy in that same failed to provide Plaintiff with a properly functioning catwalk and crane. Sisco was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

62. Plaintiff would show that because of the negligence of Sisco and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover damages in the amount in excess of the jurisdictional limits of this Court.

## COUNT TEN – UNSEAWORTHINESS – PINNACLE

63. All allegations contained in the previous paragraphs relating to Defendant Pinnacle are realleged herein.

64. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness aboard the M/V SISCO 1. The Vessel was unseaworthy in that same failed to provide Plaintiff with a properly functioning catwalk and crane. Pinnacle was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

65. Plaintiff would show that because of the negligence of Pinnacle and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover damages in the amount in excess of the jurisdictional limits of this Court.

## COUNT ELEVEN – UNSEAWORTHINESS – WGN

66. All allegations contained in the previous paragraphs relating to Defendant WGN are realleged herein.

67. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness aboard the M/V SISCO 1. The Vessel was unseaworthy in that same failed to provide Plaintiff with a properly functioning catwalk and crane. WGN was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

68. Plaintiff would show that because of the negligence of WGN and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover damages in the amount in excess of the jurisdictional limits of this Court.

## COUNT TWELVE – UNSEAWORTHINESS – KINDER MORGAN

69. All allegations contained in the previous paragraphs relating to Defendant Kinder are realleged herein.

70. Plaintiff would show that his injuries were directly caused as a result of the unseaworthiness aboard its vessel. The Vessel was unseaworthy in that same failed to provide Plaintiff with a properly functioning crane. Kinder was responsible for the injuries of the Plaintiff as a result of the breach of the warranty of seaworthiness.

71. Plaintiff would show that because of the negligence of Kinder and the unseaworthiness of the Vessel upon which the Plaintiff was employed, such actions or inactions proximately caused the Plaintiff to sustain injury to his body for which the Plaintiff is entitled to recover damages in the amount in excess of the jurisdictional limits of this Court.

**DAMAGES**

72. All allegations contained in the previous paragraphs are realleged herein.

73. Plaintiff sustained injury as a direct, foreseeable, and proximate consequence of the hazardous and/or unsafe conditions aboard the M/V SISCO 1 and the vessel owned or operated or managed or chartered or subchartered to Kinder. Each Defendant owed the Plaintiff a duty to provide a safe means of performing his work, and safe and properly functioning equipment with which to perform his work on both vessels. Plaintiff is therefore entitled to recovery of the damages as alleged herein against the Defendants based on General Maritime Law, Unseaworthiness and the Jones Act and/or general principals of negligence.

74. As a direct and proximate result of Defendants' tortuous conduct as aforesaid, Plaintiff has suffered serious and grievous injuries to his body and mind. Plaintiff has been damaged in the following particulars:

(a) Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b) Plaintiff has incurred medical, pharmaceutical, and other expenses and will incur medical, pharmaceutical, and other expenses in the future due to his injury;

(c) Plaintiff suffers a physical impairment in his loss of full use of his body and mind and will continue to suffer this impairment in the future due to his injuries.

(d) Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries.

(e) Plaintiff seeks interests and costs as provided by law.

75. Plaintiff seeks any and all other damages, general or special, to which the Plaintiff may be entitled pursuant to statutory and common law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays as follows:

(a) Plaintiff demands judgment against the Defendants, each of them, jointly and severally, for general damages, special damages, for his costs expended therein, for pre-judgment interest from the date of Plaintiff's injury and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

(b) That the Plaintiff have and receive such other, different and further relief as justice and equity may require.

Respectfully Submitted,

s/Michael G. Huey

MICHAEL G. HUEY ASB-5200-U70M
ATTORNEY FOR THE PLAINTIFF
HUEY LAW FIRM, LLC
P. O. Box 1806
Mobile, Alabama 36633
(251) 433-6622
mghuey@hueyfirm.com

PLEASE SERVE DEFENDANT
SISCO STEVEDORING LLC BY
CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AT:

Sisco Stevedoring LLC
Foot Of Virginia St
Mobile, AL 36601

PLEASE SERVE DEFENDANT
PINNACLE MANAGEMENT SERVICES BY
CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AT:

Pinnacle Management Services
225 Saint Francis St
Mobile, AL 36602

PLEASE SERVE DEFENDANT
WARRIOR & GULF NAVIGATION
COMPANY BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED AT:

Warrior & Gulf Navigation Company Main Office
50 Viaduct Rd
Mobile, AL 36611

PLEASE SERVE DEFENDANT
KINDER MORGAN BY
CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AT:

Kinder Morgan
500 Dallas St., Suite 1000
Houston, TX 77002